# In the United States District Court for the Southern District of Georgia Brunswick Division

TRACY BUCHANAN,

    Plaintiff,

v.

CAMDEN COUNTY SCHOOL
DISTRICT, CAMDEN COUNTY
BOARD OF EDUCATION,
JOHN DOE 1-6,

    Defendants.

No. 2:16-cv-133

## ORDER

This matter is before the Court on Defendant Camden County School District's ("the School District") Motion to Dismiss, Dkt. No. 5, pursuant to Federal Rule of Civil Procedure 12(b)(6). This Motion has been fully briefed and orally argued at a hearing. Dkt. Nos. 5, 7, 9, 12, 13.[1] It is now ripe for resolution. For the following reasons, Defendant's 12(b)(6) Motion is hereby **GRANTED**.

---

[1] The Court already granted Defendant Camden County Board of Education's 12(b)(6) Motion to Dismiss for failure to state a claim at an oral hearing on February 6, 2017. It is well settled in Georgia that "a county board of education . . . is not a body corporate and does not have the capacity to sue or be sued." Cook v. Colquitt Cnty. Bd. of Educ., 412 S.E.2d 828, 828 (Ga. 1992).

1

## BACKGROUND

The facts stated herein are taken solely from Plaintiff's Complaint and are assumed to be true, pursuant to Rule 12(b)(6). Plaintiff brings defamation claims against the School District, Camden County Board of Education ("the Board"), and John Doe 1-6, alleging that Defendant falsely indicated that Plaintiff acted like a child molester. Dkt. No. 1 ¶ 3. Plaintiff further alleges that Defendant falsely stated that Plaintiff intended to commit "suicide by cop." Id. ¶ 4. Plaintiff alleges that Defendant published these statements, resulting in damage to Plaintiff's professional career through the loss of clients. Id. ¶ 6, 9. The School District responded with a 12(b)(6) Motion to Dismiss for failure to state a claim.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain "enough facts to

2

state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

### I. SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to diversity of citizenship under 28 U.S.C. § 1332. In order for diversity jurisdiction to exist, two requirements must be met: (1) every plaintiff must be the resident of a different state from every defendant; and (2) the amount in controversy must exceed $75,000. Id. § 1332(a)(1).

3

When a plaintiff files suit in federal court, she must allege facts that show federal subject matter jurisdiction in her case. Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013) (citing Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). When diversity of citizenship is alleged, Plaintiff must make factual allegations regarding the citizenship of each party. Travaglio, 735 F.3d at 1268 (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)). The second requirement, the amount in controversy, is easily met because Plaintiff requested a minimum of $250,000 in actual damages and a minimum of $500,000 in punitive damages. Dkt. No. 1 at 3:11-12.

Regarding the first requirement, while Plaintiff has alleged that he is a citizen of the state of Florida and that the School District is a citizen of Georgia, he has also named as defendants six individuals unknown to him, identified as, John Doe 1-6. Dkt. No. 1 ¶ 2, 8, Civil Cover Sheet. Defendant argues that diversity of citizenship cannot exist with unknown defendants because their identities being unknown to Plaintiff is an admission by Plaintiff that their citizenship—which Defendant argues is "likely" in Florida—is also unknown. Diversity of citizenship must involve factual allegations regarding the citizenship of each party, and it is impossible to make factual allegations, Defendant argues, concerning the

4

citizenship of unknown parties.

No Eleventh Circuit case directly resolves how to handle unknown defendants in assessing diversity of citizenship. Regarding the subject matter jurisdiction of cases that have been <u>removed</u> to federal court, the removal statute is clear: fictitious defendants are disregarded. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). But the diversity jurisdiction statute is silent on the question of fictitious defendants for cases originally filed in federal court.

While this Court surmises that fictitious defendants be treated the same in a diversity of citizenship analysis for cases removed to federal court as those originally filed here, it need not decide so today. The Complaint here alleges that Defendants John Doe 1-6 are residents of Camden County, Georgia. In other words, Plaintiff has chosen to define the John Does as including only those who reside in Georgia. Because this Court must accept those allegations as true, it must accept at this time that no Defendant is a citizen of Florida—the state of which Plaintiff is a citizen. Diversity of citizenship has been properly alleged. Therefore, this court has subject matter jurisdiction over this cause of action.

5

## II. SOVEREIGN IMMUNITY OF THE SCHOOL DISTRICT

The School District next argues that the Complaint should be dismissed for failure to state a claim under Rule 12(b)(6) because it enjoys sovereign immunity from suit.

A federal court sitting in diversity jurisdiction applies the substantive law of the forum in which it sits. McMahan v. Toto, 256 F.3d 1120, 1132 (11th Cir. 2001) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). The question of whether a school district is immune from civil suit is a question of state substantive law. See generally Centraal Stikstof Verkoopkantoor, N.V. v. Ala. State Docks Dep't, 415 F.2d 452 (5th Cir. 1969). As such, Georgia law applies.

The Georgia Constitution provides immunity from suit for states and their political subdivisions. GA. CONST. Art. I, § II, para. IX(e). "School districts are political subdivisions of th[e] [s]tate" of Georgia. Davis v. Dublin City Bd. of Educ., 464 S.E.2d 251, 252 (Ga. Ct. App. 1995) (quoting Cotton States Mut. Ins. Co. v. Keefe, 113 S.E.2d 774, 777 (Ga. 1960) (citations omitted)).

Georgia political subdivisions may only be sued if they have waived sovereign immunity. Williford v. Lee Cnty. Bd. of Comm'rs, 723 S.E.2d 503, 504 (Ga. Ct. App. 2012); Strength v. Lovett, 714 S.E.2d 723, 726 (Ga. Ct. App. 2011). And they can only waive it by legislative act specifically prescribing that

6

waiver. Crisp Cnty. School Sys. v. Brown, 487 S.E.2d 512, 514 (Ga. Ct. App. 1997). No such legislative act has prescribed a waiver here. Nor has Plaintiff attempted to point to one.

Rather, Plaintiff argues that sovereign immunity does not apply because some injuries were felt by him in states outside of Georgia—states in which the state of Georgia does not enjoy sovereign immunity. This argument is doomed to fail. Georgia law governs this dispute, and this Court will not apply different states' laws to govern allegedly defamatory publications which, through the internet, may have been read in multiple states. Plaintiff has not articulated which other states' laws may apply to this dispute, and this Court will not allow the possibility of injury having occurred outside the forum state to destroy what otherwise qualifies for sovereign immunity.

The Court allowed supplemental briefing by both parties on the question of the extraterritoriality of injury defeating sovereign immunity. Plaintiff produced only two cases to support his proposition. Georgia v. Chattanooga, 264 U.S. 472 (1924), does not apply because it addresses the taxation of property by a state. That is not at issue here.

Plaintiff also cites Nevada v. Hall, 440 U.S. 410 (1979), which held that the doctrine that a state may not be sued in its own courts without its consent does not support a claim of

7

immunity in another sovereign's courts. This means that had this case been brought against the School District in a state outside of Georgia, it would have been unable to enjoy sovereign immunity from suit. But that is not the case here. The fact that this case <u>might</u> have been brought outside Georgia does not defeat the sovereign immunity that the School District enjoys in a federal court in Georgia applying Georgia law. Nor do any injuries felt outside of the state limit that sovereign immunity. The School District enjoys sovereign immunity from suit.

## CONCLUSION

For these reasons, the School District's Motion to Dismiss, Dkt. No. 5, is hereby **GRANTED**, and Plaintiff's claims against the School District are dismissed.

**SO ORDERED**, this 29th day of September, 2017.

_____
HON. LISA GODBEY WOOD
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA